UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

FILED
JAMES J. WALDRON, CLERK
JUL 3 1 2009
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

| | |
|---|---|
| In Re: | Case No.: 09-15619 |
| ST. MARY'S HOSPITAL, PASSAIC, N.J., | Chapter: 11 |
| Debtor | Hearing Date: July 30, 2009 |
| | Judge: Morris Stern |

## ORDER (i) DENYING CERTAIN ADMINISTRATIVE EXPENSE CLAIM RIGHTS AND (ii) MODIFYING THIS COURT'S ADMINISTRATIVE FEE ORDER OF JUNE 30, 2009

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

Date: July 31, 2009

_____
MORRIS STERN
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| Page | 2 |
| Case name: | In re St. Mary's Hospital, Passiac, N.J. |
| Case number: | 09-15619 |
| Caption of Order | ORDER (I) DENYING CERTAIN ADMINISTRATIVE EXPENSE CLAIM RIGHTS AND (II) MODIFYING THIS COURT"S ADMINISTRATIVE FEE ORDER OF JUNE 30, 2009 |

This matter having been opened to the United States Bankruptcy Court for the District of New Jersey, the Honorable Morris Stern, by the Court *sua sponte* at the hearing of July 17,2009 to consider (i) whether employees of the Debtor that were affected by post-petition wage and benefit reductions are entitled to administrative claims; and (ii) whether the Court's Administrative Fee Order of June 30, 2009 should be modified; and the Court having scheduled a hearing on said issues, as reflected in this Court's Order of July 27,2009; and the following parties having filed briefs on one or both of the issues raised: Robert K. Malone, Esq., Drinker Biddle & Reath LLP, for the Debtor; Joseph L. Schwartz, Esq., and Kevin Larner, Esq., Riker, Danzig, Scherer, Hyland & Perretti LLP, for JNESO, District Council 1, IUOE, ALF-CIO; Brett Moore, Esq., Porzio Bromberg & Newman P.C., for the Official Committee of Unsecured Creditors; Benjamin Mintz, Esq., Kay Scholer LLP, for Healthcare Finance Gourp, Inc., Terence D. Watson, Esq., Law Offices of Ira S. Sacks LLP, for Local 68, IUOE, AFL-CIO; Alan P. Fox, Esq., Capehart Scatchard, for New Jersey Health Care Facilities Financing Authority; and these counsel as well as Donald F. MacMaster, Esq., Office of the United States Trustee, having attended the scheduled hearing on July 30, 2009; and the Court having heard oral argument, and for good cause having been shown, and for the reasons set forth on the record on July 30, 2009, it is

**ORDERED** that union employees of the Debtor affected by post-petition wage and benefit reductions resulting from this Court's Order of July 27, 2009 are not entitled to

| | |
|---|---|
| Page | 3 |
| Case name: | In re St. Mary's Hospital, Passiac, N.J. |
| Case number: | 09-15619 |
| Caption of Order | ORDER (I) DENYING CERTAIN ADMINISTRATIVE EXPENSE CLAIM RIGHTS AND (II) MODIFYING THIS COURT'S ADMINISTRATIVE FEE ORDER OF JUNE 30, 2009 |

administrative expense claims for those reductions; and it is further

**ORDERED** that this Court's Administrative Fee Order of June 30, 2009 shall be modified as follows:

A. Paragraph 2 of that Order shall be replaced in full with

2. Each person receiving a Monthly Statement shall have twenty (20) days after service thereof to review it (the "Objection Deadline"). Upon expiration of the Objection Deadline, each professional may file and serve on the Notice Parties a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtor is authorized to pay, subject to available funds and to the extent so authorized by its Cash Collateral Order or Financing Order, each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) seventy percent (70%) of the fees for all amounts requested and billed based upon rates of not more than $495 per hour and one hundred percent (100%) of the expenses requested in the Monthly Statement, and (ii) seventy percent (70%) of the fees for all amounts requested and billed based upon rates of not more than $495 per hour and one hundred percent (100%) of the expenses not subject to any objection. No determination has been made at this time as to the allowance or disallowance of fees billed to the extent of rates *in excess* of $495 per hour; allowance of any fee to the extent of such rates may be applied for as part of an Interim Fee Application as set forth in paragraph 8, below, and the seventy percent (70%) factors of this paragraph may be paid per this paragraph for that portion of fees billed at rates in excess of $495 per hour but only up to amounts based upon that rate.

B. The preamble paragraph (first 15 lines) to Paragraph 8 of that Order shall be replaced in full with:

| | |
|---|---|
| Page | 4 |
| Case name: | In re St. Mary's Hospital, Passiac, N.J. |
| Case number: | 09-15619 |
| Caption of Order | ORDER (I) DENYING CERTAIN ADMINISTRATIVE EXPENSE CLAIM RIGHTS AND (II) MODIFYING THIS COURT'S ADMINISTRATIVE FEE ORDER OF JUNE 30, 2009 |

8.  Parties may file at four (4) month intervals ("the Interim Period") an interim fee application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Statements issued during such period (the "Interim Fee Application'), provided however, that the Parties shall not file their first Interim Fee Application before December 1, 2009. Each Professional seeking approval of its Interim Fee Application shall file with the Court and serve notice of the hearing date of the Interim Fee Application upon the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court pursuant to Bankruptcy Rule 2002 and requested such notice. The Notice Parties shall be entitled to receive both the Monthly Fee statements and Interim Fee Application[s] indicated above and the notice of the hearing thereon (the "Hearing Notice"), and all other parties entitled to notice shall be entitled to receive only the Hearing Notice. An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period; the first Interim Period to cover the period from the Petition Date until November 30, 2009 to be filed in December 2009. The debtor shall request that the Court schedule a hearing on the Interim Fee Applications.